Good morning, Your Honors. If it pleases the Court, Stephen Ronk, on behalf of Appellate Robinson Helicopter Company. I plan to be brief, but I would like to reserve three minutes of my time for potential reply. Sure. This case comes to this Court from the denial of a motion brought by Robinson Helicopter Company to compel binding arbitration that was a clause in certain purchase agreements dealing with the helicopter at issue. There are two very discreet issues with respect to this motion, and the issues are discreet because following the guidance of this Court in Chiron v. Ortho Diagnostics, the trial court was vested with just so much discretion when ruling on this motion. When a motion was presented to the trial court to compel arbitration, when there was an apparent arbitration clause in an agreement at issue, the trial court was vested with only so much authority as to decide whether the clause existed and whether it applied to the disputed issue. Under the Federal Arbitration Act, once those findings are made, it is mandatory that the case be sent into binding arbitration, and that is what we're asking Your Honors to do this morning. Is Robinson Helicopter Party to the Lakeside-Hillsborough Agreement? Robinson Helicopter sold the helicopter to Perth. How about starting with a yes or no? The answer is no, Your Honor. They are a third-party beneficiary to that contract. Assuming that they're entitled to assert that clause, tell us how that arbitration clause, even if we could imagine them as a party to the contract, covers this dispute. Well, Your Honor, I think guidance can be found in the Britton case, which I think controls this dispute and clearly allows Robinson Helicopter Company to assert the clause as a third-party beneficiary. In this particular transaction, we have a sale of a helicopter. The complaint at issue is about the sale of the helicopter. The complaint alleges, in essence, that we purchased a helicopter. The helicopter had some defects in it. Those defects either breached warranties that were expressed, breached warranties that were implied, or constituted negligence or a product's liability theory. That's the Gravamen and Lakeside's complaint that was filed in Clark County, Nevada. As a part of that complaint, at paragraph 20, which is in our excerpt of the record at page 16, plaintiff specifically alleges that defendant Robinson Helicopter Company, as part of the sale to plaintiffs of the new helicopter, provided a limited warranty. Said limited warranty is attached to the complaint. That is the warranty that respondents attempt to set aside from the sale transaction that was executed by Lakeside and Hillsboro. That was the sales transaction that had the arbitration clause. That limited warranty is specifically referred to in that contract. It's a very simple contract, one page on the front, terms and conditions on the reverse. That warranty was conveyed as part of the sale, which is the subject of that contract. That contract contains the arbitration clause. As a third-party beneficiary that is clearly identified and intended to benefit from that clause, Robinson Helicopter Company is entitled to assert it. Further, in respondent's original complaint, at paragraph 27 in the excerpt of the record at page 17, respondent asserts, as a result of damage to the helicopter, plaintiffs have been damaged in the approximate sum of $168,212, or as the proofs will show, a trial. That's a very specific amount, and it happens to be the exact contract price set forth in the contract that contains the arbitration clause. It's very clear from plaintiff's complaint that they aren't suing on the limited warranty as some separate stand-alone agreement that has nothing to do with the original purchase contract. It's very clear from plaintiff's complaint, and they admit in that complaint, that this is a suit over the overall sale, which was the subject of the agreement at issue. The limited warranty was simply transferred as part of the sale. It's referred to specifically in the contract, but because of space limitations, it's a separate document. The arbitration clause at issue clearly states that in the event that a dispute arises with respect to this agreement, the agreement being the sale between Hillsborough and Lakeside, that involves RHC, Robinson Helicopter Company, it shall be determined by binding arbitrations under the rules of the American Arbitration Association. It couldn't be clearer what the intent of RHC was in demanding that that term be placed in these contracts. And this isn't a situation, as the trial court suggested or respondents suggest, where Robinson Helicopter Company is merely an incidental beneficiary of the contract. When one looks at the contract, the conclusion is inescapable that Robinson asked the parties specifically to agree to their terms and conditions, the manufacturer's terms and conditions. And every one of those terms and conditions specifically refers to Robinson Helicopter Company. Each one is intended to inure to the benefit or to confer rights upon Robinson Helicopter Company. And both the plaintiffs, buyers, and Hillsborough, the seller, specifically and expressly agreed to those terms and conditions. If, for instance, and there's no dispute that if a third-party beneficiary is merely incidentally benefited or a remote beneficiary or an unintended beneficiary, they probably cannot assert rights under the contract. And had this arbitration clause read something to the effect that seller and buyer agree that any dispute arising out of the sale of this aircraft shall be determined by binding arbitration, and then this lawsuit is filed where the buyer sues the seller and Robinson Helicopter Company, and it's Robinson that wants to assert the arbitration clause, there may be an argument that they were not intended as a beneficiary and merely incidentally a beneficiary because they're not identified in the clause. But this clause specifically states in the event of a dispute involving RHC with respect to this agreement that it shall be determined by binding arbitration. It doesn't even refer to the seller and the buyer. It only refers to Robinson Helicopter Company. So with respect, Your Honors, to the two questions that have to be answered or should have been answered by the district court in this case under this Court's decision in Chiron. One, was there an arbitration agreement? There clearly was. It's a signed agreement executed by both the seller and the buyer. It specifically identifies Robinson Helicopter Company as a third party and it specifically confers upon them rights and benefits under that contract. So clearly under the Britton case, also decided by this Court, Robinson is among the groups of people who can assert the arbitration clause and seek binding arbitration. As to the second analysis, it's the dispute within the arbitration clause. I think it clearly is, Your Honor, it's our position that it clearly is. That contract conveyed a new helicopter. Along with that new helicopter was the limited warranty, which is specifically a subject of the lawsuit. Plaintiff's submissions in their pleading state that the limited warranty was a part of the sale, which was accomplished by that contract, and it's the subject of their lawsuit. Anything to do with any deficiencies in this new helicopter, any noncompliance with the warranty or any breach of any implied warranties which are purely incident to a sale and not the subject of some separate agreement or standalone agreement fall within a dispute with respect to the contract itself. There was a part of the sale. Was it a part of the agreement? It is referred specifically to under the terms and conditions. On the back side, I believe it's clause 6. Limited warranty. All helicopters supplied by RHC are covered by the RHC limited warranty. The dealer seller shall provide to the buyer a current copy of the RHC limited warranty upon request and at the time of delivery. That's term and condition 6. The arbitration clause is number 12. On the very same page. The thing that we have in 12, though, is that in the event of a dispute with respect to this agreement, it doesn't say with respect to the warranty. It does not, Your Honor, but under the Federal Arbitration Act and under the cases that have interpreted that, the courts have been fairly clear in stating that arbitration is to be construed broadly. Disputes as to what falls under an arbitration clause are to be decided in favor of arbitration because it is preferred and encouraged. And I would argue that the only reason they got the limited warranty is because there was a sale. The limited warranty is specifically conveyed as part of the sale. And so it is part of the overall transaction. And I think when the respondents admit in their complaint that they received the limited warranty as part of the sale, which they clearly admit in paragraph 20 of their complaint, there should be a stop from claiming that it's somehow separate and distinct and has a life of its own. Because the fact is, without a sale of a new product, a warranty is meaningless. It has no life. It's given life by the sale. And with that, Your Honor, I'd like to conclude and just state simply that I believe we have met both prongs of the test set forth in Britain and the district court's order denying our motion to compel arbitration should be overruled and this matter should be referred to binding arbitration for the agreement. Thank you. Thank you for your argument, counsel. We'll hear from Lakeside at this time. Mr. Markoff. Yes, sir. Daniel Markoff, Frankford Lakeside Excursions and Mr. Nix. The problem with this case from the appellant's perspective is they literally have the cart before the horse here. When you have a case that involves a breach of a warranty, you have a situation where you look at the warranty itself. And when you look at the warranty in this particular case, which appears as part of the record on appeal, it says absolutely nothing about any sort of an arbitration being required. Indeed, the language in bold print on this document is that this warranty is exclusive and is given and accepted in lieu of any and all other warranties and representations expressed or implied or any statutory, whether written or oral. Now, when you talk about something being clear, this is clear. They are saying this document by itself is what determines this warranty. It makes no reference to anything else, period. What the appellants have done in this particular case is refer back to a sale between Hillsborough, as you noticed earlier, between Hillsborough and my client. Now, that document, that sale agreement, was just for the sale of the helicopter. As I pointed out in the brief, all terms, conditions, paint, avionics, engine, everything considering that helicopter was complied with, including the turning over of this document. There's nothing else left under that contract of sale to litigate or arbitrate. We're not alleging, and we have not alleged a breach of the contract of sale. We've alleged breach of the warranty, implied warranties, and two counts of negligence. And that's it. We have no reference other than to show how my client got the helicopter by referring to that contract of sale. But the second sale used exactly the same form. Yes, it did. And that same form gave me pause for thought, and I wondered why that was when I was putting this case together. And the reason that is, is Robinson Helicopter is literally trying to insulate itself from anything and everybody coming back against them. They have expressly said in their contract with Hillsborough, when they sold the contract to Hillsborough, they say in the first paragraph of their agreement that you are in no way, shape, or form an agent for us to do anything. And you can't bind us for anything, period. And guess what? Hillsborough didn't. They passed the helicopter on in their own contract of sale. They didn't try to bind Robinson Helicopter with anything else. They did exactly what the contract of sale required, and that is to pass on the limited warranty. Now, let me point out for a moment here why the limited warranty is indeed a stand-alone document. And that is because you saw how fast the sale occurred between Robinson Helicopter and Hillsborough. Well, as I pointed out in my brief, let's assume Mr. Nix and Lakeside Excursions decided to turn around and sell that same helicopter when they got back down to Parker, Arizona. All they would have to do is execute the bill of sale, which is a one-page simple document, and the person gets it. And he not only gets it, but he gets the limited warranty as well, because that limited warranty goes with the helicopter. It does not necessarily, and it does not depend upon the contract of sale. What makes it go with the helicopter? Because Robinson says it does in its warranty. It says it's good for one year or 1,000 hours, whichever occurs first, and that's the only limitation on it. And that's in the first paragraph, I believe, of that document. The question here, of course, is in the beginning, the initial question is whether there was an agreement to arbitrate. And our position is clearly there was never an agreement to arbitrate the limited warranty, both by the terms of the limited warranty itself and that contract of sale. Now, the one thing, you've got to remember, it's Robinson Helicopter that's drafting all this stuff. It's not my client. And it's a rule of contractual construction that you're usually drafted against those, I mean, construed against those who drafted it. Well, the one thing that would have made this crystal clear in this case is all they had to say is, in their limited warranty, we're going to arbitrate if we have a dispute over that. That's what it takes, one lousy little clause, and that is not there. Indeed, it says precisely the opposite. It says you can't depend upon any other document, written, oral, implied in law, or anything else. You've got to depend upon this limited warranty document and nothing else. And that's why we suit on that, and that's why we submit to you that arbitration is not provided for in this particular case. All the terms of the contract have been fulfilled. There's nothing left to arbitrate. Now, as I indicated, there are several things here that are extremely important. If, in some way, Hillsborough was authorized to somehow bind them to arbitration, they may have tried that, but they didn't. There was just the contrary. There was a prohibition against Hillsborough from doing anything to hold Robinson to any sort of procedure. And when I was going through the briefs last night reading this, a strange little analogy sort of popped into my head from a story that occurred many years ago in the press. It was about a fellow somewhere in the Midwest who managed to build what amounted to basically a ship in his backyard. It had all the safety features, all the latest navigation, everything, and it was completely useless. He planned it out to the umpteenth degree. The fact of the matter is none of it worked because it wasn't near the water and he couldn't get it out. It's the same thing here. Robinson has built their contractual world in their backyard, but they didn't get it to where it was with the water in the limited warranty. They're the ones that made the mistake, and they shouldn't be allowed to go back and through some sort of gymnastic backflips to try to refer to these contract of sale documents. I submit to you that unlike the previous case involving Lockheed, this is pretty simple. We're not going through piles of paper here. We're looking at basically two documents, and it's pretty straightforward. What authorized Hillsborough to pass along the warranty that was made to it by Robinson? Well, the agreement is that the document is to be provided with the helicopter. That's so that the person certainly gets notice of what the— Where does it say the agreement that it's to be provided with the helicopter? If you take a look at—well, it says you look at paragraph 6 under limited warranty. It says all helicopters supplied by RHC are covered by the RHC limited warranty. The dealer seller shall provide to the buyer a current copy of the RHC limited warranty upon request and at the time of delivery. That's in their document, paragraph 6. Yeah, the dealer shall provide to the buyer. All right, who is the dealer? The dealer in this case would have been Hillsborough. And shall provide to the buyer a current copy of the limited warranty. That's correct, and that was done. So why isn't that part of the agreement? Why isn't that part of the overall transaction? That is part of it, and it was done. It was accomplished. So— If they had not provided it, then you would have had a problem perhaps dealing with arbitration. All right, what I'm getting at, if that's the case, then, isn't that part of one big overall agreement that the arbitration clause pertains to? I would submit to you that it is not. And— Is it out of the liberal construction of arbitration clauses that this isn't part of one large transaction? No, it's not part of one large transaction for the simple reason that warranty goes on regardless of this paragraph 6 or any other term in here. If Mr. Nix, on behalf of Lakeside Excursions, had sold to some third party, the warranty would have gone with the helicopter as well, without any arbitration. What says that? That's the law. Where do you find that? That's in the warranty itself. It's certainly not in the warranty itself. Yes, it is. I don't see it there. If I may be helpful here, hopefully, it says, Mr. Robinson, helicopter hereafter referred to as RHC, warrants each new helicopter and each new helicopter to be part and free of defects, material workmanship, et cetera, within one year from the date of delivery from the RHC factory or during the first 1,000 hours of operation, whichever occurs first. Warrants to whom? To whomever owns the aircraft. Where does it say to whomever owns the— Well, I believe that is the law under the Uniform Commercial Code. If they make a warranty, that document goes with the vehicle, be it an aircraft, car, or anything, for a period of time. We were discussing Ford Motor Company earlier. If you're a purchaser of a vehicle, the commercial code is such that that warranty goes to any subsequent purchaser as well, as long as it's within the terms of that agreement. And that's the same thing we have here. So this—our position is that this is a stand-alone agreement, and clearly by their own language isolates it from anything else. Now, I realize that there is a liberal application of the arbitration concept, if you will, but that certainly applies when you have a situation where the documents line up. Here, the documents do not line up to reach that end. And I may point out also that, let's face it, I could say to them tomorrow, let's go arbitrate, and regardless of these documents, we could be in arbitration. But it has been our experience, my client's, mine, that there's a far better brand of justice and fairness to be had within the federal court system than there is to be had with arbitrators. They serve a useful purpose, to be sure, but this is a technical case involving some technical problems that's going to require discovery, that's going to require some in-depth analysis and a sharp judge. I'm inclined to agree with you. Unfortunately, the Supreme Court doesn't. Well, that wouldn't be the first time. What about the hitting on the verse of that agreement, which I think you've got to interpret the agreement and the verse 5. Which one, Judge? The agreement between Hillsborough. The sales one? Yeah. Okay. Both the front and the back are all part of the agreement. Yes. All right. The buyer and the seller agree to the following terms, conditions, warranties and limitations of the manufacturer Robinson Helicopter Company. Now, that seems to be that the warranties are part of this whole agreement. The providing of the warranties is part of it. The interpretation and litigation concerning it is not. Agree to the, and if I just put three dots in there, agree to the warranties and limitations of the manufacturer. Right. And then it specifies what that limited warranty is in number six. And it also says in paragraph 12, that if there's a dispute involving this agreement, not the warranty, but this agreement. Well, that sort of begs the question of that's part of this agreement or not. Well, and that's why you have to go back and you have to look at the warranty itself, because let's just hypothetically assume for the purposes of argument that that may be the case. Then the limited warranty itself has to be in conformity with that. And the limited warranty is not in conformity with that. And indeed it says exactly the opposite. It says if anything else is written oral anywhere, it doesn't apply. You go exclusively on this warranty. So even if you adopt that interpretation and say somehow that that, that contract vaguely refers to a warranty, what that may have given this warranty took away. And that was Robinson's language in there. And on that basis, unless the court has any other questions, I respectfully submit it. Thank you. I don't see any rebuttal counsel. Yes, Your Honor. Good morning, Your Honors. Again, on the issue of warranty, just to touch on it briefly. Respondents want to treat a warranty as an agreement in and of itself. A warranty by definition is a term of an agreement. A warranty needs a sale to have any meaning. This warranty, when one looks at it, Clause 6 refers to the dealer delivering a copy of the warranty. You don't have to have a writing to have a warranty. Warranties can be verbal. Warranties can be implied. Or they can be expressed in writing. And that's what this one is. Standing alone and by itself without the sales transaction, without the contract for sale, this warranty doesn't set forth consideration. There's no mutually exchanged detriment and benefit. It doesn't confer. It doesn't talk about price. It doesn't talk about terms. It doesn't talk about any of the things that a contract has to have to be valid and enforceable. And that's because it's merely the term. It's a term of a contract. All it does is tell you what the condition of the new product, and this warranty deals with new products, is as it's new and how long it should stay that way. And the language of this warranty is. I suppose the counsel relies upon the Uniform Commercial Code to fill that in. There are no citations to the UCC in Respondent's Brief, and so I'm not aware of what provision of the Commercial Code he's referring to. The law on warranties is that one must have a sale to have a warranty. There has to be a buyer-seller relationship, and that can be attenuated somewhat if there's intent and the warranty's transferable. But there's no citations to the UCC or any other commercial code in the brief, so I'm not sure what provision that is. What if Mr. Nix had, in fact, sold to somebody else but not with an agreement like this, just sold the helicopter, said the price is such and such, you take it. Would the warranty go along with it? This warranty on his face does not state that it's transferable. It says it's good for a period of certain time. The warranty may go along with it depending upon the circumstances of the sale, but it's not an agreement in and of itself that can be enforced independently. Would the warranty go along with what I said, that the helicopter's being sold for $140,000? Just the bill of sale. Yeah. Absent a specific indication that the warranty's transferable, I don't believe it would, Your Honor. We don't believe it would. In this case, however, referring to the exclusive language of the warranty is a red herring. It's ubiquitous to have language as a warranty to say this warranty is given in lieu of all other warranties. It doesn't mean it trumps all other agreements. It means that these are the remedies you get and you don't get other remedies. It doesn't mean there's no other sales contract or no other agreement. And the last point I'd like to make, Your Honors, is with respect to the clause in the contract that says Hillsborough is not an agent of Robinson Helicopter Company, with respect to this analysis under a third-party beneficiary analysis, it's legally irrelevant. Had we come in here and said, you know what, we were parties to that contract, our agent executed the contract on our behalf, and we're enforcing it as a first party, that might be irrelevant. The issue of ostensible or actual agency may have some relevance here. It's just legally irrelevant. And it's simply another term that the manufacturer's placed in this contract. And with that, thank you. Thank you both for your arguments. The case just argued will be submitted for decision. And we'll proceed to the last case on the calendar, which is John Hancock against the estate of Jane K.F. Fong. Counsel will come forward. Thank you. Mr. Scott? Good morning.
judges: Hug, Thompson, Hawkins